# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PERRY PROCTER, :

        Plaintiff,

-vs-

JOANN B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY[1],

        Defendant. :

Case No. 3:03-cv-176

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d). (Doc. 16). The Commissioner has filed a Defendant's Brief: EAJA, (Doc. 17), and the matter is ripe for Report and Recommendations.

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) (EAJA) in the amount on $3,798.50, which Plaintiff alleges represents 26.75 hours of work before this Court at an hourly rate of $142.00. (Doc. 16). Plaintiff has failed to provide any documentation in support of his Motion such as contemporaneous time records. *Id.*

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in

---

[1] The Court notes that on February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. See, http://www.ssa.gov/pressoffice/pr/astrue-pr.htm. In accordance with Fed.R.Civ.P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in this action. However, in accordance with the practice of this Court, the caption remains the same.

relevant part:

> **§2412. Costs and fees**
> ...
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> **(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses ... .
>
> ...
>
> **(D)**...
> **(2)** For the purposes of this subsection–
>   **(A)** "fees and other expenses" includes ... reasonable attorney fees ....

28 U.S.C. §2412.

Thus, in addition to filing a timely application, there are three conditions that must be met in order to recover fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *Willis v. Sullivan,* 931 F.2d 390, 399 (6th Cir. 1991).

For purposes of the EAJA, the term "final judgment" refers to judgments entered by a court of law and does not encompass decisions rendered by an administrative agency. *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991). With respect to Social Security cases, when the time for seeking appellate review has run, a sentence four judgment fits squarely within the term "final judgment"

2

as used in the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 298 (1993), *citing, Melkonyan,* 501 U.S. at 102.

Prevailing party status is obtained if the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit and obtaining a sentence four judgment reversing the Commissioner's denial of benefits certainly meets this description. *Schaefer,* 509 U.S. at 302 (citation omitted). In other words, a sentence four remand is a judgment for the plaintiff and a party who wins a sentence four remand order is a prevailing party. *Id.* (citation omitted).

In the context of the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Damron v. Commissioner of Social Security,* 104 F.3d 853, 855 (6th Cir. 1997), *citing, Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government's position may have been substantially justified even though it was subsequently rejected on judicial review. *See, United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991). In other words, the government's position need not have been correct on the merits in order to be substantially justified for purposes of the EAJA. *Jankovich*, 868 F.2d at 870.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

A review of the history of this matter is appropriate at this juncture.

Plaintiff filed his Complaint in this action seeking judicial review of the Commissioner's decision denying his application for Social Security Disability benefits (SSD). The parties briefed the issues and subsequently, the undersigned issued a Report and Recommendations recommending that the Commissioner's decision that Plaintiff did not have a severe mental impairment be reversed. (Doc. 10). However, I also determined that not all of the factual issues were resolved and that the record did not adequately establishes a plaintiff's entitlement to benefits and I recommended that the matter be remanded for further administrative proceedings. *Id.* District Judge Rice overruled the Plaintiff's and the Defendant's Objections and adopted the Report and Recommendations and the Clerk entered judgment accordingly. (Doc. 14, 15).

There is no dispute that Plaintiff was a "prevailing party" for purposes of EAJA or whether he timely filed his Motion. Rather, the Commissioner argues first that his position was "substantially justified" and therefore Plaintiff is not entitled to an award of EAJA fees. The Commissioner also opposes Plaintiff's Motion on the basis that Plaintiff has not provided any supporting documentation.

As noted above, the EAJA provides for the award of *reasonable* expenses and

attorney fees.  Assuming *arguendo* that Plaintiff had established his entitlement to an award of EAJA fees, the question becomes what fees are "reasonable" for purposes of the EAJA.

In *Hensley*, the Supreme Court we emphasized that it is appropriate to allow the district court discretion to determine the amount of an EAJA fee award given its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.  *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 161 (1990), *citing, Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Therefore, in determining whether Plaintiff's requested fees are reasonable, the Court must examine both the rate and the number of hours requested. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433.

In the absence of any supporting documentation whatsoever, the undersigned is simply unable to determine whether Plaintiff's requested EAJA fee in the amount of $3,798.50 is reasonable within the meaning of the EAJA.  Specifically, it is impossible to determine whether 26.75 hours which Plaintiff claims were expended in pursuit of this matter is a reasonable number of hours or whether some of those hours are not compensable under the EAJA.

It is therefore recommended that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d), (Doc. 16), be denied.

November 5, 2008.

*s/ Michael R. Merz*
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (c), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).